UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN SEYMOUR,<br><br>                     Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                     Defendant. | CASE NO. C15-5935-JLR-MAT<br><br>REPORT AND RECOMMENDATION RE:<br>SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Brian Seymour proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1979.[1] Plaintiff served in the U.S. Navy from 1998-2008. (AR 333.) Plaintiff has also worked briefly as a cashier, both before and after his military

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

service.  (*Id.*)  Plaintiff applied for DIB on October 16, 2012, alleging disability beginning January 1, 2009.  (AR 20.)  His application was denied at the initial level and on reconsideration.  (AR 20.)

On July 23, 2013, ALJ Glenn Meyers held a hearing, taking testimony from plaintiff, plaintiff's father, and a vocational expert.  (AR 43-87.)  On April 22, 2014, a supplemental hearing was held and the ALJ took testimony from plaintiff and from a vocational expert.  (AR 88-119.)  On June 13, 2014, the ALJ issued a decision finding plaintiff not disabled.  (AR 20-34.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on October 21, 2015 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff then appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision under 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had had not engaged in substantial gainful activity since the alleged onset date of January 1, 2009.  (AR 22.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff has the following severe impairments: diabetes mellitus, irritable bowel syndrome, migraines, cataracts, lumbar degenerative disc disease, generalized anxiety disorder, post-traumatic stress disorder (PTSD), alcohol abuse in remission, depressive disorder, history of attention deficit hyperactive disorder (ADHD), and marijuana abuse.  (AR 22.)  Step three asks

whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 24.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess a claimant's residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found plaintiff had the residual functional capacity to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday. (AR 24.) The ALJ further found that plaintiff can perform unskilled, repetitive routine work with no contact with the public and occasional contact with supervisors and co-workers and that plaintiff would be off task at work fourteen percent of the time, but still be able to meet minimum production requirements of the job and be absent from work once every three months and he cannot read small print. (AR 24.) Based on that assessment, the ALJ found plaintiff unable to perform any of his past relevant work. (AR 32.)

In step five of the sequential evaluation process, the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found the plaintiff could perform a full range of light work with the additional limitations specified in his RFC, the ALJ questioned a vocational expert (VE) to determine the extent to which these limitations would erode the unskilled light occupational base. (AR 33.) The VE identified representative jobs an individual with plaintiff's RFC could perform, such as laundry sorter, bottle line attendant, and small products assembler. (AR 33-34.) Based upon this testimony, the ALJ concluded that plaintiff could make a successful adjustment to other work and was not disabled. (AR 34.)

This Court's review of the ALJ's decision is limited to whether the decision is in

accordance with the law and the findings supported by substantial evidence in the record. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in evaluating the opinion of his treating physician, Dr. Engstrom. Plaintiff also argues that the ALJ erred in determining his RFC, specifically attacking the finding he would be off task fourteen percent of the time. Based on these alleged errors he asks that the ALJ's decision be reversed and his case be remanded for an award of benefits. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

## DISCUSSION

A.   <u>Weighing the Medical Evidence – Dr. Engstrom's Opinion</u>

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record . . . ." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff contends the ALJ improperly rejected Dr. Engstrom's opinion and that this error was harmful because Dr. Engstrom's opinion establishes that plaintiff satisfies the paragraph B criteria for listings 12.02, 12.04, and 12.06.[2]  The Commissioner responds that the ALJ gave valid reasons supported by substantial evidence for discounting this opinion.  Dr. Engstrom is plaintiff's psychologist, and has treated him since 2010 for PTSD and depression.  (AR 659-60.)  In July 2013, Dr. Engstrom opined in a medical questionnaire that plaintiff "has a full range of reexperiencing, hyperarousal, and avoidance symptoms consistent with PTSD.  More broadly he has difficulty trusting others and has considerable difficulty coping effectively with stress without dysregulation emotionally and behaviorally."  (AR 660.)  Dr. Engstrom further opined that plaintiff had marked limitations in his social functioning and activities of daily living.  (AR 661.)  Dr. Engstrom found plaintiff moderately limited in his ability to sustain an ordinary routine without special supervision, ability to work with others without being distracted, ability to interact appropriately with the general public, ability to accept instructions and respond to criticism from supervisors, ability to get along with coworkers, ability to maintain socially appropriate behavior, and ability to respond appropriately to changes in the work setting.  (AR 661.) Dr. Engstrom noted plaintiff as being markedly limited in his social functioning, activities of daily living, ability to maintain concentration, ability to perform activities within a schedule, and ability to complete a normal workday and workweek without interruptions from psychologically based symptoms.  (AR 661.)  Dr. Engstrom opined that plaintiff had "considerable difficulty" coping with daily stressors, felt that plaintiff's ability to cope with workplace stress was limited, and concluded that plaintiff would benefit most from continued treatment before pursuing competitive employment.  (AR 661-62.)

---

[2] *See* 20 C.F.R. Part 404, Subpt. P, App. 1.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

In assessing Dr. Engstrom's opinion the ALJ wrote:

> While the claimant does have some limitations on his social and cognitive functioning, the degree of limitation outlined by Dr. Engstrom is not entirely supported by the record. For example, while the claimant was initially described as angry or anxious on mental status examination, as he became more comfortable with the evaluation, he relaxed and made appropriate eye contact and social interaction with the examiner (See Ex. B17F/103). Furthermore, though he has a history of irritability and difficulty getting along with others, the record supports no more than moderate difficulties, which can be managed by limiting the claimant's social interaction, as provided by the restriction to no contact with the general public and limited contact with supervisors and co-workers . . . .

(AR 30.) The Court finds the ALJ's assessment of the record evidence related to Dr. Engstrom to be incomplete. In discounting Dr. Engstrom's opinion, the ALJ cited only one record. (AR 30, 809-810.) This record was prepared by a social worker who saw plaintiff after he became disruptive and verbally confrontational at the VA. (AR 809-810.) Yet, at the time that Dr. Engstrom prepared the medical questionnaire, he had been plaintiff's treating psychologist through the VA for three years. (AR 659.) The record contains many treatment notes from Dr. Engstrom's sessions with plaintiff, as well as treatment notes by other VA providers who saw plaintiff in relation to his mental health. (*See, e.g.,* AR 432, 441-443, 445, 448, 455, 462-68, 477-81, 483-91, 504-05, 518, 526-27, 552-54, 556-57, 625-29, 632-34, 750-54, 760-61, 811-15 (Dr. Engstrom's treatment notes); *see also* AR 419-27 (treatment notes from hospitalization due to psychological symptoms in 2012); AR 815-34 (treatment notes from emergency psychiatric treatment in 2013); AR 492-95 (treatment notes from couples' counseling session). Dr. Engstrom's treatment notes provide an important longitudinal view of the plaintiff.[3] The ALJ

---

[3] Treating physicians are "most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Orn v. Astrue,* 495

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

failed to address the relationship of these notes to Dr. Engstrom's opinions in the medical questionnaire.

The Commissioner is required to give weight to a treating physician's subjective judgments as well as his clinical findings and interpretation of test results. *Lester,* 81 F.3d 821, 832-33 (9th Cir. 1995). An ALJ may properly reject a treating doctor's opinion by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes,* 881 F.2d at 751. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas,* 278 F.3d at 957. In finding that the opinion is "not entirely supported by the record" the ALJ failed to adequately discuss whether Dr. Engstom's treatment notes support the conclusions stated in the questionnaire. With ample treatment notes in the record regarding plaintiff's mental health from Dr. Engstrom and other providers, the ALJ was required to give a more detailed summary of the evidence, its conflicts, and the ALJ's ultimate interpretation of that evidence in discounting Dr. Engstrom's opinion. *Magallanes,* 881 F.2d at 751.

Further, to the extent that ambiguity exists between Dr. Engstrom's treatment notes and his opinion in the medical questionnaire, the ALJ must resolve this ambiguity before discounting Dr. Engstrom's opinion. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001) (the ALJ has an "independent duty to fully and fairly develop the record," and ambiguous evidence, or the ALJ's finding that the record is inadequate, triggers the ALJ's duty to "'conduct appropriate inquiry.'") (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). If deeper analysis of the record yields ambiguity as to Dr. Engstrom's opinion, the ALJ must fulfill his duty to

F.3d 625, 631 (9th Cir.2007).

investigate and resolve such ambiguity.

The Commissioner additionally argues in defense of the ALJ's decision that Dr. Engstrom's opinion was controverted by the opinions of state agency reviewing psychological consultants, that his opinion failed to provide reasonable medical basis for the assessed limitations, did not cite to "objective clinical evidence," and "Dr. Engstrom conspicuously failed to provide any explanations or citations to medical evidence in support of these assessments." (Dkt. 17 at 3-6.)  The Court rejects these arguments at this point in time because none of this rationale was utilized by the ALJ in discounting Dr. Engstrom's opinion.  *Bray v. Comm'r of SSA,* 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ -- not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing, *inter alia*, *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

The ALJ failed to reconcile Dr. Engstrom's opinion with the record evidence of his treatment notes and the treatment notes of other mental health providers.  In view of these circumstances, the Court finds the ALJ harmfully erred in weighing the medical evidence.  The ALJ did not supply "clear and convincing" or "specific and legitimate reasons" for discounting Dr. Engstrom's opinion.  The ALJ may also have failed to fulfill his duty to investigate and resolve ambiguity in the record before discounting the opinion of plaintiff's longtime treating psychologist.  This error was harmful due to its effects on the sequential evaluation process.

B.  <u>Plaintiff's Residual Functional Capacity</u>

Plaintiff additionally argues that the ALJ erred in formulating plaintiff's RFC.  In particular, plaintiff argues that the ALJ erred in finding that plaintiff would be off task fourteen percent of the time.  Plaintiff alleges this finding was not based on evidence of plaintiff's

impairments, but rather was guided by the content of the vocational expert's testimony. (Dkt. 16 at 6-7.) The Commissioner argues that the ALJ reasonably translated and incorporated all credible limitations in the RFC finding.

At step four, the ALJ must identify a claimant's functional limitations or restrictions, and assess his work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. RFC is the most a claimant can do considering his limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of plaintiff's impairments, including those that are not severe, in determining his RFC. §§ 404.1545(e), 416.945(e); SSR 96-8p. Additionally, an ALJ must consider a claimant's "ability to work on a sustained basis." 20 C.F.R. §§ 404.1512(a), 416.912(a). An ALJ must assess all the evidence including a claimant's testimony and medical reports to determine what capacity a claimant has for work despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). Finally, the ALJ "must consider only limitations and restrictions attributable to medically determinable impairments." SSR 96-8p.

Here, the ALJ formulated plaintiff's RFC to include the following limitation, "[t]he claimant would be off task at work 14 percent of the time, but still be able to meet minimum production requirements of the job." (AR 27.) However, the ALJ failed to provide an explanation or cite to record evidence to specifically support the finding that plaintiff would be off task fourteen percent of the time. (*See* AR 27-32.) Only one medical record directly addresses the likely amount of time plaintiff would be off task due to his symptoms and limitations. Dr. Davis[4] opined that plaintiff would be off task fifty percent of the time and would be expected to miss more than two full days of work per month due to his symptoms. (AR 707.)

---

[4] Dr. Davis provided his opinion after seeing plaintiff one time to establish care. (AR 705.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 9

The ALJ discounted Dr. Davis' opinion because he had seen plaintiff one time when he rendered the opinion and "a review of the record from that treatment visit indicates that the claimant demonstrated no motor or sensory deficits in the extremities, and no other significant abnormalities." (AR 30.)[5] The ALJ found that Dr. Davis' evaluation of the claimant "does not support the restrictive limitations outlined in his opinion form" and gave the opinion "little weight." (*Id.*) The ALJ did not specifically address the discrepancy between Dr. Davis' off task assessment and the formulation in the RFC. (*See id.*) The ALJ also did not discuss Dr. Engstrom's opinion on this issue. Although Dr. Engstrom did not provide a specific estimation for the amount of time plaintiff would be off task at work, he did opine, similar to Dr. Davis, that plaintiff would require unscheduled breaks due to his mental health issues, diabetes, and chronic pain, and further estimated that plaintiff would be absent from work more than sixteen hours per month. (AR 662.)

Without a specific explanation as to the record evidence supporting the finding that plaintiff would be off task fourteen percent of the time, the finding appears result-oriented. (*See* AR 114-15) (vocational expert testimony regarding employer toleration of off task time and erosion of the labor market beyond fourteen percent off task during the work day.) A claimant's RFC is to be formulated based on the limiting effects of plaintiff's impairments, evaluating all evidence to determine a claimant's capacity for work. RFC. §§ 404.1545(e), 416.945(e); SSR 96-8p. The ALJ's RFC determination lacks adequate explanation to show that is supported by substantial evidence in the record and is free of legal error. Accordingly, the Court finds that the RFC finding should be reevaluated on remand. *Smolen*, 80 F.3d at 1279.

/ / /

---

[5] Neither the ALJ, nor the parties, supply a citation to this treatment record.

C.      Credit as True

Plaintiff requests that the Court credit Dr. Engstrom's opinion as true and remand this case for an award of benefits.

"Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Court credits] that opinion as 'a matter of law.'" *Lester*, 81 F.3d at 830-34 (finding that, if doctors' opinions and plaintiff's testimony were credited as true, plaintiff's condition met a listing) (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). Crediting an opinion as a matter of law is appropriate when, taking that opinion as true, the evidence supports a finding of disability. *See*, *e.g.*, *Smolen*, 80 F.3d at 1292 (ALJ's reasoning for rejecting subjective symptom testimony, physicians' opinions, and lay testimony legally insufficient; finding record fully developed and disability finding clearly required); *Garrison v. Colvin,* 759 F.3d 995, 1019-20 (9th Cir. 2014) (crediting evidence as true and remanding for benefits where ALJ supplied inadequate reasons for discounting medical opinions and rejecting claimant testimony, the record was fully developed, further administrative proceedings would serve no useful purpose, and finding of disability was required.)

However, courts retain flexibility in applying this "'crediting as true' theory." *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to whether plaintiff's testimony should be credited as true). Therefore, applying the "credit-as-true" rule "is not mandatory when, even if the evidence at issue is credited, there are 'outstanding issues that must be resolved before a proper disability determination can be made.'" *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)). Likewise, a court retains flexibility in remanding a case for further proceedings "when the record as a whole creates serious doubt as to

whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison,* 759 F.3d at 1021.

Even if plaintiff had adequately demonstrated that Dr. Engstrom's opinion should be credited as true, the Court would not be required to remand this case for an award of benefits. Further development and analysis of the record is necessary. The Commissioner correctly argues that significant contradictions in the medical evidence must be resolved, noting conflict between the determinations of two state agency consultants and the conclusions reached by Dr. Engstrom. (Dkt. 17 at 11.) Opinion evidence from state agency reviewing physicians cannot by itself constitute substantial evidence justifying a rejection of the opinion of either an examining or a treating physician. *Lester,* 81 F.3d at 831. However, opinions of state agency reviewing physicians may suffice to establish conflict among the medical opinions of record. *Widmark v. Barnhart,* 454 F.3d 1063, 1066 n.2 (9th Cir. 2006).

Furthermore, as noted by the Commissioner, in assessing plaintiff's credibility, the ALJ found that the record suggests plaintiff may be motivated by secondary gain. (AR 28.) The ALJ cited a clinician's note stating that plaintiff was "highly somatic" and "disability focused." (AR 28, 550.) The ALJ also expressed concern that plaintiff may purposefully be manipulating his medical treatment and failing to control his diabetes to enhance his disability rating with the VA. (AR 28, 835.) Given these concerns as to whether plaintiff is actually disabled within the meaning of the Social Security Act, remand for further proceedings is appropriate. *Garrison,* 759 F.3d at 1021.

D. <u>Scope of Remand</u>

On remand, the ALJ should reassess the medical evidence of record and supplement the record as necessary. This may require contacting Dr. Engstrom to obtain clarification for the

basis of the opinions stated in his medical questionnaire. The ALJ should reevaluate steps three through five in the sequential evaluation process, including reformulating Plaintiff's RFC, and issue a new decision.

## CONCLUSION

For the reasons set forth above, the Court recommends that this matter be REVERSED and REMANDED for further proceedings consistent with this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 9, 2016**.

DATED this 24th day of August, 2016.

Mary Alice Theiler
United States Magistrate Judge